O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 07-3955 ODW (CWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | *Linda Watson, et al. v. Palm Crest Apartments, et al.* | | |

| Present: | The Honorable Otis D. Wright II, United States District Judge | |
|---|---|---|
| Raymond Neal | Not Present | n/a |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings (IN CHAMBERS):**    **Plaintiffs' Motion for Reconsideration [75]**

On April 16, 2009, this Court granted, but with deductions, Plaintiffs' Motion for Attorneys' Fees [75]. Of the $86,003.61 requested in fees and costs, the Court awarded Plaintiffs $36,947.61. Plaintiffs now move the Court to reconsider its April 16, 2009 Order. The matters have been fully briefed and the Court has heard oral argument. For the following reasons, Plaintiffs' Motion for Reconsideration is GRANTED in part, and Plaintiffs are awarded an additional $4,088 in fees.

In this district, a motion for reconsideration is governed by Local Rule 7-18. It states:

A motion for reconsideration of the decision on any motion may be made only on the grounds of (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

By its April 16, 2009 Order, the Court made several across-the-board deductions to Plaintiffs' total fee request. Specifically, the Court reduced Plaintiffs' request by 15% for time not reasonably spent on litigation, by 40% for excessive and inappropriate billing, and by 5% for time billed as "travel."

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3955 ODW (CWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | *Linda Watson, et al. v. Palm Crest Apartments, et al.* | | |

  With respect to the Court's 15% reduction for time not reasonably spent on litigation, the Court noted Plaintiffs' counsel's unusual amount of .1 billing entries. Because it was brought to the Court's attention that not all of those entries could have consumed the entire six minutes for which counsel billed, the Court made a deduction in Plaintiff's fee request in order to accurately reflect how much time was reasonably spent on litigation. Not surprisingly, Plaintiffs contend the Court improperly reduced Plaintiffs' fee award in this regard. Instead of making a 15% deduction to Plaintiff's entire fee amount, Plaintiffs argue that what the Court should have done was deduct only the amount billed for the identified 304 entries of .1. Ordinarily, the Court would agree. Except in this case, in viewing all of the material evidence presented to it, it was the Court's intention to use these .1 entries *as an example* of Plaintiff's broader billing practices. Indeed, rather than parse through each entry, the Court determined that a 15% across-the-board deduction was appropriate in order to account for billing entries which improperly inflate–whether by .1, .5, or otherwise–the time actually spent on the identified matter. Thus, as to this deduction, Plaintiffs have failed to present anything to the Court capable of warranting reconsideration.

  As to the Court's overall 40% deduction for excessive and inappropriate billing, Plaintiff contends the Court mistakenly concluded that Plaintiffs previously rejected a settlement offer of identical value to the one the case ultimately settled for. To begin, Plaintiff's arguments in this regard are beside the point, as the Court merely commented on the two settlement offers as an example of the non-complex nature of this case and not as the sole basis for reducing Plaintiffs' fee request.[1] Nevertheless, even if the Court's order could be interpreted in the way counsel insists, his argument that the two settlement offers were not "identical" because the "net settlement" in each is different, serves only to state the obvious and does nothing to bolster his contention. Adopting counsel's "net settlement" reasoning, no two settlement offers will ever be identical because as the underlying case proceeds, attorneys' fees constantly increase, thereby, according to counsel, decreasing the "net settlement" in one. In fact, applying counsel's "net settlement" argument to this case, the second–and ultimately final–settlement offer in this case was actually *less* than the initial offer because by the time the offer was made, nearly $70,000.00 in fees had been accumulated. In any event, Plaintiffs do not cite to any binding Ninth Circuit authority, nor present any new evidence capable of meeting their burden on a motion for reconsideration.

---

[1] Indeed, factors (2) and (8) from *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), permit the Court to consider the novelty and difficulty of the questions involved, in addition to the amount involved and the results obtained, respectively. *Kerr*, 526 F.2d at 70.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-3955 ODW (CWx) | Date | July 6, 2009 |
|---|---|---|---|
| Title | *Linda Watson, et al. v. Palm Crest Apartments, et al.* | | |

     Notwithstanding Plaintiffs' failure to satisfy any of Local Rule 7-18's grounds for reconsideration with respect to the Court's 15% and 40% reductions, the Court does take this opportunity to rectify what it perceives to be an inconsistency in its original order. An across-the-board reduction for "improper, excessive and inappropriate billing" would seem to include deductions for time "not reasonably spent on litigation." Thus, the Court adopts its analyses justifying each deduction (15% and 40%) and amends its order here to reflect what its initial order implies: an across-the-board deduction of 55% for inappropriate, excessive and improper billing.

     Finally, the Court agrees with counsel that it inadvertently overlooked sufficient evidence supporting his request for fees he incurred traveling to and from case-related matters. Plaintiffs' Motion is therefore GRANTED in this respect. Defendants shall pay Plaintiffs the improperly deducted $4,088.00, in a manner directed by Plaintiffs, no later than thirty (30) days from the date of this order

**IT IS SO ORDERED.**

                                                           --   :   00

                                    Initials of Preparer    RGN